# UNITED STATES DISTRICT COURT

Western District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| OVIDIU MATEESCU | Case Number: 2:11CR00027RAJ-001 |
| | USM Number: 40934-086 |
| | James Louis Vonasch |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1, 5, and 9 of the Indictment.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

11-CR-00027-SUMM

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud | 11/06/2010 | 1 |
| 18 U.S.C. § 1029(b)(2) | Conspiracy to Commit Access Device Fraud | 11/06/2010 | 5 |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | 10/10/2010 | 9 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  2, 3, 4, 6, 7, and 8   ☐ is  ☒ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

_____
Assistant United States Attorney

July 29, 2011
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Richard A. Jones
United States District Judge

July 29, 2011
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
         Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT: OVIDIU MATEESCU
CASE NUMBER: 2:11CR00027RAJ-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Thirty-six (36) months on Counts 1 and 5, concurrent; Twenty-four (24) months on Count 9, to run consecutive to the sentences on Counts 1 and 5, for a total sentence of sixty (60) months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: OVIDIU MATEESCU
CASE NUMBER: 2:11CR00027RAJ-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : __5__ years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug and/or alcohol test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight valid tests per month, pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page 4 of 8

DEFENDANT: OVIDIU MATEESCU
CASE NUMBER: 2:11CR00027RAJ-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit his/her person, residence, office, safety deposit box, storage unit, property, or vehicle to a search, conducted by a U.S. Probation Officer or any other law enforcement officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation; the defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

Restitution in the amount of $225,592.29 is due immediately. Any unpaid amount is to be paid during the period of supervision in monthly installments of not less than 10% of his or her gross monthly household income. Interest on the restitution shall not be waived.

The defendant shall provide his or her probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's Federal Income Tax Returns.

The defendant shall maintain a single checking account in his or her name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the probation office.

If the defendant maintains any interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available, for review, any and all documents and records of said business or enterprise to the probation office.

The defendant shall disclose all assets and liabilities to the probation office. The defendant shall not transfer, sell, give away, or otherwise convey any asset, without first consulting with the probation office.

The defendant shall consent to the United States Probation Office conducting ongoing monitoring of his/her computer(s), hardware, and software. The monitoring may include the installation, at the defendant's expense, of hardware or software systems which allows evaluation of his/her computer use. Monitoring may also include the retrieval and copying of all data from his/her computer(s) or other electronic devices/media. The defendant shall also comply with the requirements of the United States Probation Computer Monitoring Program as directed.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's U.S. Probation Officer.

The defendant shall not obtain or possess any driver's license, social security number, birth certificate, passport or any other form of identification in any other name other than the defendant's true legal name, without the prior written approval of the Probation Officer.

The defendant shall cooperate with and furnish financial information and statements to the Internal Revenue Service to determine all taxes due and owing, including interest and penalties, and shall file any past tax returns in a timely manner. The defendant shall pay in full any outstanding tax liability once assessed, including interest and penalties, or enter into an installment payment plan with Collection Division of the Internal Revenue Service.

If deported, the defendant shall not reenter the United States without permission of the Bureau of Immigration Customs Enforcement. If granted permission to reenter, the defendant shall contact the nearest U.S. Probation Office within 72 hours of reentry.

Judgment — Page  5  of  8

DEFENDANT:      OVIDIU MATEESCU
CASE NUMBER:    2:11CR00027RAJ-001

# CRIMINAL MONETARY PENALTIES

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|------------------|
| **TOTALS** | $ $300 | $ Waived | $ 225,592.29 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| See Attached "Additional Restitution Payees" | 225,592.29 | 225,592.29 | |
| **TOTALS** | $ 225592.29 | $ 225592.29 | |

☒ Restitution amount ordered pursuant to plea agreement  $  225,592.29

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

   ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

☒ The court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page 6 of 8

DEFENDANT: OVIDIU MATEESCU
CASE NUMBER: 2:11CR00027RAJ-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| 1) Key Bank<br>Corporate Security<br>P.O. Box 1816<br>Tacoma, WA 98401 | $4,451.00 | $4,451.00 | |
| 2) Union Bank<br>332 SW Everett Mall Way<br>MC 77A-SECU<br>Everett, WA 98204 | $2,438.91 | $2,438.91 | |
| 3) Wells Fargo Bank<br>Fraud Investigations<br>Department 2038<br>Denver, CO 80291-2038 | $48,082.65 | $48,082.65 | |
| 4) BECU<br>12770 Gateway Drive<br>Tukwila, WA 98168 | $170,442.29 | $170,442.29 | |
| 5) V.M. and R.M.<br>(Personal information to be provided to the Clerk following sentencing.) | $161.50 | $161.50 | |
| 6) L.C.H.<br>(Personal information to be provided to the Clerk following sentencing.) | $15.94 | $15.94 | |
| Totals | 225592.29 | 225592.29 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 8

DEFENDANT: OVIDIU MATEESCU
CASE NUMBER: 2:11CR00027RAJ-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

☒ PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid to Clerk's Office, United States District Court, 700 Stewart Street, Seattle, WA 98101.

☒ During the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

☒ During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

☐ During the period of probation, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

Claudiu Tudor    CR11-00027RAJ-002    $225,592.29

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page 8 of 8

DEFENDANT: OVIDIU MATEESCU
CASE NUMBER: 2:11CR00027RAJ-001

## ADDITIONAL FORFEITED PROPERTY

a. a Toshiba laptop computer with serial number Z9169278Q,
b. a Toshiba laptop computer with serial number Z9025858Q,
c. a Dell Inspiron 1100 laptop computer with service tag number C1KVQ31,
d. a Nokia cell phone IMEI 011974004837772,
e. a Nokia cell phone IMEI 011974005550440,
f. a Nokia cell phone IMEI 359330020649453,
g. a Nokia cell phone IMEI 011974008679956,
h. a Nokia cell phone IMEI 011974005543536,
i. a Samsung Galaxy cell phone with serial number R3YZ83386OK,
j. a Samsung cell phone serial number RPXZ745384N,
k. an Apple iPhone IC number 579CE2380A,
l. a Samsung AT&T cell phone with serial number RPASA99668R,
m. Iomega external hard drive with serial number WZAA155300,
n. Virgin Wireless USB devices, ESN 09115798467 and 09101893762,
o. a green card reader (skimmer), and other tools and/or supplies used to manufacture and install skimming devices,
p. seized jewelry items, including three rings and a Movado watch, and
q. seized currency, including $1,145.28 in cash seized incident to arrest.